IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Topeka Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.  5:18-CR-40058-HLT |
| v. | ) |
| | ) |
| THOMAS FRITZEL, *et al.*, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT THOMAS FRITZEL'S MOTION FOR ACQUITTAL

COMES NOW, the Defendant Thomas Fritzel and moves the Court for an acquittal. In support of said motion, the Defendant submits the following.

### I.  STANDARD

Federal Rule of Criminal Procedure 29(a) reads:

"After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so." Fed. R. Crim. P. 29.

Rule 29(b) provides that the court:

[M]ay reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved. Fed. R. Crim. P. 29

The Tenth Circuit reviews de novo whether to grant a motion for acquittal. *United States v. Fuller*, 751 F.3d 1150, 1153 (10th Cir. 2014); *United States v. Cooper,* 654 F.3d 1104, 1115

(10th Cir. 2011). "The court must grant a motion for judgment of acquittal when the evidence is insufficient to sustain a conviction." *United States v. Dahda*, 2014 WL 6632926, at *1 (D. Kan. Nov. 21, 2014).

## II.  ARGUMENT

### A.  The Government has Failed to Establish that the Material Removed from the Demolition Site was Friable Asbestos.

This Court must grant Defendant's Motion as no reasonable juror could find that the Government has proved friability. The claim of friability is insufficient to sustain a conviction.

To be regulated, asbestos containing material, or "RACM" subject to NESHAP work practice standards, the material must be "friable," meaning that it "contain[s] more than 1 percent asbestos as determined using the method specified in appendix E, subpart E, 40 CFR part 763, section 1, Polarized Light Microscopy, that, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure." 40 C.F.R. § 61.141.

Counts 2, 3, and 4 of the Indictment require the Government to establish that the material at issue was friable. Otherwise, the material is not RACM and not regulated. The Government did not offer a single witness to testify that he or she had crumbled, pulverized, or reduced any sample by hand pressure. Thus, the Government has no evidence that the material at issue was friable RACM subject to NESHAP regulation.

None of the Government's witnesses testified that they performed a friability test on any materials from the site. Adrian Turner testified about a printed form that stated the materials found were "friable," but did not testify that he had performed any friability analysis on the materials[1]. In fact, he did nothing but collect the samples and bring them to the lab. Similarly,

---

[1] Adrian Turner was not listed as an expert witness and did not provide any expert testimony regarding friability.

Tami Van testified at trial that she had not performed any type of friability analysis on the materials in question.  Thus, the Government has assumed friability without testimony from a single witness that the material was actually friable. The Government's witnesses might have assumed they were handling/analyzing friable material, but the Government did not offer any proof to establish how the witnesses reached this conclusion. In fact, no witness ever performed a friability test.

Because the Government has failed to offer testimony or evidence that the material at issue was friable, there is no way any reasonable juror could find that the Government has proved friability. Therefore, Counts 2, 3, and 4 of the Indictment must be dismissed.

### B. The Government has Failed to Prove Mr. Fritzel had Knowledge of the Alleged NESHAP Violations in Counts 2, 3, and 4.

The Government must prove that Mr. Fritzel had knowledge of the NESHAP violations alleged in Counts 2, 3, and 4. However, the Government has failed to provide evidence sufficient to allow any reasonable juror to determine that Mr. Fritzel himself knowingly violated the NESHAP regulations.

Knowledge in relation to Counts 2, 3, and 4 of the Indictment require that that Mr. Fritzel acted voluntarily and intentionally, and not because of mistake or accident. *See* Tenth Circuit Manual of Criminal Pattern Jury Instructions § 1.37 (2018). Mr. Fritzel's knowledge cannot be established merely by demonstrating that he was negligent, careless, or foolish. *Id.* No witness has testified, nor has any of the Government's evidence shown, that Mr. Fritzel was present at the site during demolition or in any way directed individuals present at the site. Additionally, none of the testimony or evidence could lead to an inference that such knowledge could be imputed to Mr. Fritzel.

### 1. Failure to Notify

The Government has failed to provide evidence sufficient to allow any reasonable juror to determine that Mr. Fritzel knowingly failed to provide written notice to the EPA of his intention to demolish or renovate at least 10 working days in advance of any activity disturbing the RACM. The Government failed to introduce any testimony that Mr. Fritzel failed to provide written notice to the EPA. Mr. Schlaman was the only witness that testified during the Government's case regarding failure to notify, and his statements were regarding failure to notify KDHE, ***not the EPA***. Further, the Government failed to introduce any evidence that Mr. Fritzel was aware there was RACM in the roof, and thus unaware of any duty to notify the EPA.

### 2. Failure to Wet

There is no evidence for any reasonable juror to determine that Mr. Fritzel knowingly failed to adequately wet the regulated asbestos-containing material and ensure that it remained wet until collected and contained or treated in preparation for disposal, a necessary element of Count 3. The Government did not offer testimony from a single witness as to whether the material at the site was adequately wetted until collected and contained, let alone that Mr. Fritzel had knowledge regarding failure to adequately wet. In fact, the Government did not offer any testimony from any witness who was even present at the site when demolition occurred.

### 3. Failure to Contain

Finally, the Government has failed to produce evidence sufficient to allow any reasonable juror to determine that Mr. Fritzel knowingly failed to contain all regulated asbestos-containing material removed or stripped in leak-tight wrapping or leak-tight containers once that regulated asbestos-containing material has been wetted, a necessary element of Count 4. That the Government's witnesses (Mr. Schlaman and Tina Gustafson) may have testified there was asbestos

on the ground at the site does not establish that this material was friable RACM. It certainly does not establish that Mr. Fritzel himself failed to contain this material in a leak-tight container. Again, the Government failed to offer testimony from any witness present at the demolition site when the material was being removed, so it would be purely speculative to state Mr. Fritzel knowingly failed to contain the friable RACM.

The Government has failed entirely establish any basis sufficient to allow a reasonable juror to determine the NESHAP regulations were violated. There is absolutely no evidence Mr. Fritzel did anything willfully, deliberately, or with bad purpose.

### III. CONCLUSION

Mr. Fritzel respectfully requests that the Court grant his motion for acquittal because The Court must grant a motion for judgment of acquittal because no reasonable juror could find that the Government has proved friability beyond a reasonable doubt or that Mr. Fritzel had the requisite knowledge to violate Counts 2, 3, and 4 of the Indictment.

Respectfully submitted, this 27th of July, 2019

s/ Thomas G. Lemon - 16120
Cavanaugh, Biggs & Lemon, PA
2942A SW Wanamaker Drive, Suite 100
Topeka, KS 66614-4135
785-440-4000
Fax: 785-440-3900
Email: tlemon@cavlem.com

Edward F. Novak (admitted Pro Hac Vice)
Meslissa S. Ho (admitted Pro Hac Vice)
Polsinelli PC - Phoenix
CityScape
One East Washington Street, Suite 1200
Phoenix, AZ 85004
602-650-2020
Fax: 602-264-7033
Email: enovak@polsinelli.com

                                      s/ Stephen N. Six - 16151  
                                      Stueve Siegel Hanson LLP - KC  
                                      460 Nichols Road, Suite 200  
                                      Kansas City, MO 64112  
                                      816-714-7100  
                                      Fax: 816-714-7101  
                                      Email: six@stuevesiegel.com  
                                      *Attorneys for Defendant Thomas S. Fritzel*

## CERTIFICATE OF SERVICE

       I hereby certify that on the 27th day of July, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                      s/ Thomas G. Lemon _____  
                                        Thomas G. Lemon - 16120