# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
### (Topeka Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>THOMAS FRITZEL,<br><br>Defendant. | Case No. 5:18-cr-40058-HLT |

## TRIAL BRIEF CONCERNING ADMISSIBILITY OF HERRIES STATEMENT

The testimony of Richard Herries should stand in the record as is.

**Discussion:**

Under the Federal Rules of Evidence, hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." <u>Fed.R.Evid. 801</u>.

No statement is inherently hearsay. Whether or not a statement is hearsay depends upon what use the offeror intends the fact-finder to make of it. Charles Alan Wright et al., Federal Practice & Procedure: Evidence § 6718 (2018 ed.) (Wright & Miller) (quoting <u>United States v. Detrich, 865 F.2d 17, 20 (2d Cir. 1988)</u>). Thus, as the Advisory Committee Notes to <u>Rule 801(c)</u> say, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."

Herries' statement that Lynch told him that he was told by Fritzel to tell him "Don't send any emails with this content again, we talk in person or on the phone" is not inadmissible hearsay because it is not offered for the truth of the matter asserted (*i.e,* that Fritzel gave Lynch that instruction). Instead, the statement was offered as an explanation for Herries' state of mind – his understanding that Fritzel had received Herries' email communications of March 4th and/or March 5th, 2016. <u>Fed. R. Evid. 801</u>; *Starr v. Pearle Vision, Inc.,* 54 F.3d 1548, 1555 (10th Cir. 1995) (witness could testify to statement he heard without running afoul

2

of the prohibition against hearsay because the statement would not be offered for its truth, but instead for the mere fact that it was said); *Faulkner v. Super Valu Stores, Inc.,* 3 F.3d 1419, 1434 (10th Cir. 1993) (affirming admission of "testimony concerning an out-of-court statement, but the testimony was offered to establish Super Valu's state of mind in making its hiring decisions and was not offered for the truth of the matter asserted."). *United States v. Detrich,* 865 F.2d 17 (2d Cir.1988) (holding that statement, which was offered to show defendant's state of mind, and not for the truth of its assertion, should have been introduced into evidence).

Testimony is not **hearsay** when it is offered to prove only that a statement was made, rather than for its truth. Fed. R. Evid. 801(c). Taken in context of Mr. Herries' testimony, the statement Lynch told him that he was told by Fritzel to tell him "Don't send any emails with this content again, we talk in person or on the phone" was **not offered for** the **truth of** the **matter** asserted therein, that Fritzel directed Herries only to talk in person or on the phone. Instead, it is evidence that Mr. Fritzel received

3

Mr. Herries' email communications of March 4th and/or 5th, 2016, and that Mr. Fritzel acknowledged and had notice of what Mr. Herries had said to him.

*United States v. Cesareo-Ayala*, 576 F.3d at 1127 illustrates this point. In *Cesareo-Ayala*, the defendant objected to a recorded telephone conversation between him and a non-testifying declarant, arguing that the district court committed reversible error by admitting the declarant's statements without first making the required findings under Federal 801(d)(2)(E). The Court rejected this argument, finding that the conversation helped prove that the two men had a business relationship and that the relationship was established by the general subject matter of their discussion without regard to the truth of anything that either man asserted. *Id*. at 1129.

Similarly, in this case, the probative value of the conversation was derived from the conversation itself, with Mr. Lynch confirming to the witness, Mr. Herries, that the defendant had received Herries' communication. If the jury did not hear Mr. Lynch's message to Mr.

4

Herries, it would have had to speculate about whether Mr. Fritzel was involved at all or even received Mr. Herries' communication regarding the presence of asbestos. Thus, Richard Herries' testimony that Mr. Lynch said that Mr. Fritzel had told him to tell Herries "Don't send any emails with this content again, we talk in person or on the phone" was not hearsay.

The hearsay rule does not prevent a witness from testifying as to what he has heard; it is rather a restriction on the proof of fact through extrajudicial statements. We have previously held that testimony which is not offered to prove the truth of an out-of-court statement, but is offered instead for relevant context or background, is not considered hearsay. *United States v. Freeman,* 816 F.2d 558, 563 (10th Cir.1987). In *Freeman,* we recognized two instances where testimony describing events related to a confidential informant did not constitute hearsay evidence—both of which are relevant in this case. First, we reiterated the Supreme Court's ruling in *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), that "the 'hearsay rule does not prevent a witness from testifying

as to what he has heard; it is rather a restriction on the proof of fact through extrajudicial statements.' " 816 F.2d at 563 (quoting *Dutton,* 400 U.S. at 88, 91 S.Ct. at 219).

The law in the Tenth Circuit is plain that statements not offered for the truth of the matter asserted, but merely to explain why officers responded to a location, targeted a defendant or took other specific actions, are admissible. *See generally,* U.S. v. Ledford, 443 F.3d 702, 708 (10th Cir. 2005) (contents of report of domestic violence not hearsay when offered to explain officers' actions); *U.S. v. Rosario-Fuentez*, 231 F. 3d 700, 708 (10th Cir. 2000) (holding that a statement was not hearsay when offered to demonstrate officer's reason for investigating defendant).

## *Limiting Instruction:*

The court should allow the statement to stand along with a limiting instruction that the statement is admissible only as circumstantial evidence of knowledge and not as evidence of the truth of the matter asserted. United States v. Parry, 649 F.2d 292, 295 (5th Cir. 1981)

<u>/s Richard L. Hathaway for</u>
Thomas Beall, Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
District of Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
(785) 295-2850
(785) 295-2953 (fax)