IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS



| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 5:18-CR-40058-HLT |
| THOMAS FRITZEL, | |
| Defendant. | |

## FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence, it becomes my duty to instruct you on the law applicable to this case. In the interest of clarity, I will read the instructions to you, and each of you will have a copy of the instructions.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is your duty, as judges of the facts, to follow and apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by me. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

INSTRUCTION NO. 2

The indictment in this case charges substantially as follows:

In or about October 2016, in the District of Kansas, Thomas Fritzel was the owner/operator of a demolition/renovation activity and knowingly violated and caused to be violated the asbestos work practice standards by failing to provide written notification to the Environmental Protection Agency and the State of Kansas prior to removing asbestos material from the demolition/renovation site in violation of Title 42, United States Code, section 7413(c)(2)(B) and Title 18, United States Code, section 2.

In or about October 2016, in the District of Kansas, Thomas Fritzel was the owner/operator of a demolition/renovation activity and knowingly removed and knowingly caused to be removed asbestos and asbestos containing materials in violation of a NESHAP work practice standard for asbestos by failing to adequately wet friable asbestos and ensure that it remained wet until collected and contained or treated in preparation for disposal in accordance with applicable regulations; in violation of Title 42 United States Code, section 7413(c)(1) and Title 18, United States Code, section 2.

In or about October 2016, in the District of Kansas, Thomas Fritzel was the owner/operator of a demolition/renovation activity and knowingly disposed and knowingly caused to be disposed of asbestos and asbestos-containing materials in violation of a NESHAP work practice standards for asbestos, by not disposing of asbestos in non-leak-tight containers; in violation of Title 42, United States Code, section 7413(c)(1) and Title 18, United States Code, section 2.

INSTRUCTION NO. 3

An indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against a defendant, and does not create any presumption or permit any inference of guilt. It is a mere charge or accusation—nothing more and nothing less.

INSTRUCTION NO. 4

The indictment charges that the crime was committed "in or about" a certain date.

It is not necessary that the proof establish with certainty the exact date of the alleged crime. It is sufficient if the evidence shows beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

INSTRUCTION NO. 5

To the charges contained in the indictment, Thomas Fritzel has entered pleas of "not guilty." These pleas put in issue every element of the crimes charged and make it incumbent upon the government to prove beyond a reasonable doubt every element of the crimes charged.

INSTRUCTION NO. 6

A separate crime is charged against Thomas Fritzel in each count of the indictment. You must separately consider the evidence against Thomas Fritzel on each count and return a separate verdict for each count.

Your verdict as to any one count, whether it is guilty or not guilty, should not influence your verdict as to any other counts.

Your verdict with respect to each count of the indictment must be unanimous.

INSTRUCTION NO. 7

The law presumes a defendant to be innocent of crime. This presumption remains with him throughout the trial. Thus, a defendant, although accused, begins the trial with a "clean slate," with no evidence against him, and the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied of the defendant's guilt beyond a reasonable doubt, from all the evidence in the case.

INSTRUCTION NO. 8

The government has the burden of proving Thomas Fritzel guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving Thomas Fritzel guilty beyond a reasonable doubt, and if it fails to do so, you must find him not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning Thomas Fritzel's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Thomas Fritzel is guilty of the crimes charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

INSTRUCTION NO. 9

Burden of proof means burden of persuasion. The burden is always on the government to prove beyond a reasonable doubt every essential element of the crimes charged.

In determining whether or not it has met this burden, you must consider all the evidence.

INSTRUCTION NO. 10

The question of intent is a matter for you to determine.

Intent is a state of mind. Because it is not possible to look into a person's mind to see what went on, the only way you have of arriving at the intent of the defendant is for you to take into consideration all of the facts and circumstances shown by the evidence, including the exhibits, and determine from all such facts and circumstances what the intent of the defendant was at the time in question.

INSTRUCTION NO. 11

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

INSTRUCTION NO. 12

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

INSTRUCTION NO. 13

In considering the evidence in this case, you are expected to use your good sense; consider the evidence for only those purposes for which it has been admitted, and give it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. That was the promise you made and the oath you took before being accepted by the parties as jurors and they have the right to expect nothing less.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in, and the law applicable to, this case.

INSTRUCTION NO. 14

You are here to decide whether the government has proved beyond a reasonable doubt that Thomas Fritzel is guilty of the crimes charged. Thomas Fritzel is not on trial for any act, conduct, or crime not charged in the indictment. Even if you believe he is guilty of some crime not charged in the indictment, you must find him not guilty if the evidence does not prove beyond a reasonable doubt that he committed the crimes for which he was indicted.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether the defendant has been proved guilty of the crimes charged.

INSTRUCTION NO. 15

You are instructed that the testimony offered by agents, officers, or employees of the government shall not be given any greater weight or credibility by the fact alone of their office, but that such testimony should be weighed and considered as to the credibility on the same ground and for the same reason that the testimony of all other witnesses is weighed and judged.

INSTRUCTION NO. 16

In some cases, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training, or education may testify concerning such matters.

You are not required to accept such testimony as authoritative. You should consider such testimony just as you consider other testimony in this trial. Give such testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given, and other evidence in the trial.

INSTRUCTION NO. 17

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. 18

The defendant Thomas Fritzel did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

INSTRUCTION NO. 19

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

INSTRUCTION NO. 20

During the trial I ruled on objections to the admission of certain testimony or exhibits into evidence. Questions relating to the admissibility of evidence are solely questions of law for the Court, and you must not concern yourselves with the reasons for my rulings. In your consideration of the case, you must draw no inference from these rulings and you must consider only the evidence that I admitted.

Neither in any question I have asked, nor in these instructions, nor in any ruling, action, or remark that I have made during the course of this trial, have I intended to interpose any opinion or suggestion as to how I would resolve any of the issues of this case. If I have made any remark that you believe indicates how I would decide this case, I instruct you to disregard such remark.

INSTRUCTION NO. 21

The punishment provided by law for the crimes charged is a matter exclusively within the province of the Court and may not be considered by the jury in any way in deciding whether the defendant is guilty or not guilty of the crimes charged.

INSTRUCTION NO. 22

During the trial, I informed you that the government and Thomas Fritzel had agreed or stipulated to certain facts. Those stipulations were then read to you. These instructions contain a written copy of those stipulations agreed upon by the parties. The parties stipulate that:

1.    The parties have agreed that the roof renovation at issue involved more than 160 square feet of material.

2.    Certain types of regulated friable asbestos containing materials may cause health problems if the fibers are inhaled.

A stipulation simply means that both the government and Thomas Fritzel accept these facts as true. There was no disagreement over these facts, so there was no need for evidence on either side of these facts. You should accept these facts as true, but you are not required to do so, because you are the sole judge of the facts.

INSTRUCTION NO. 23

Before I instruct you on the elements of the crimes charged against Thomas Fritzel, I will define several important terms that are part of those elements.

As you consider whether the government has firmly convinced you of each and every element beyond a reasonable doubt, you must apply all terms used within these instructions in accordance with the specific definitions provided.

INSTRUCTION NO. 24

"Regulated asbestos-containing material" or "RACM" means:

(a)     Friable asbestos material,

(b)     Category I nonfriable asbestos-containing material (ACM) that has become friable;

(c)     Category I nonfriable asbestos-containing material (ACM) that will be or has been subjected to sanding, grinding, cutting, or abrading; or

(d)     Category II nonfriable asbestos-containing material (ACM) that has a high probability of becoming or has become crumbled, pulverized, or reduced to powder by the forces expected to act on the material in the course of demolition or renovation operations regulated by this subpart.

"Friable asbestos material" means any material containing more than 1 percent asbestos (as determined by using Polarized Light Microscopy), that, when dry, can be crumbled, pulverized, or reduced to powder by hand pressure. If an asbestos-containing material cannot be crumbled into powder, pulverized to powder, or reduced to powder by hand pressure, then it is classified as "nonfriable."

"Category I nonfriable asbestos-containing material (ACM)" means asbestos-containing packings, gaskets, resilient floor covering, and asphalt roofing products containing more than 1 percent asbestos, as determined using Polarized Light Microscopy.

"Category II nonfriable asbestos-containing material (ACM)" means any material, excluding Category I nonfriable ACM, containing more than 1 percent asbestos as determined using Polarized Light Microscopy that, when dry, cannot be crumbled, pulverized, or reduced to powder by hand pressure.

INSTRUCTION NO. 25

"Adequately wet" means sufficiently mix or penetrate with liquid to prevent the release of particulates.

"Cutting" means to penetrate with a sharp-edged instrument and includes sawing, but does not include shearing, slicing, or punching.

"Demolition" means the wrecking or taking out of any load-supporting structural member of a facility together with any related handling operations or the intentional burning of any facility.

"Facility" means any institutional, commercial, public, industrial, or residential structure, installation, or building (including any structure, installation, or building containing condominiums or individual dwelling units operated as a residential cooperative, but excluding residential buildings having four or fewer dwelling units); any ship; and any active or inactive waste disposal site.

"Facility component" means any part of a facility including equipment.

"Grinding" means to reduce to powder or small fragments and includes mechanical chipping or drilling.

"Leak-tight" means that solids or liquids cannot escape or spill out. It also means dust-tight.

"Remove" means to take out regulated asbestos-containing material (also referred to as RACM) or facility components that contain or are covered with RACM from any facility.

"Renovation" means altering a facility or one or more facility components in any way, including the stripping or removal of regulated asbestos-containing material (also referred to as RACM) from a facility component.

"Strip" means to take off regulated asbestos-containing material (also referred to as RACM) from any part of a facility or facility components.

INSTRUCTION NO. 26

The crimes charged against Thomas Fritzel only applies to a demolition or renovation activity where the combined amount of regulated asbestos-containing material (also referred to as RACM) to be stripped, removed, dislodged, cut, drilled, or similarly disturbed is:

- at least 260 linear feet on pipes;

- at least 160 square feet on other facility components; or

- at least 35 cubic feet off facility components where the length or area could not be measured previously.

INSTRUCTION NO. 27

The crimes charged against Thomas Fritzel only apply to the owner or operator of a demolition or renovation activity.

An owner or operator of a demolition or renovation activity is any person who owns, leases, operates, controls, or supervises the facility being demolished or renovated or any person who owns, leases, operates, controls, or supervises the demolition or renovation operation, or both. With regard to supervising, it is not enough that the defendant was present at the job site or participated in asbestos abatement or removal activities, or even that he had the job title "supervisor." The defendant must have had significant and substantial control over the demolition or renovation activity.

An employee who is carrying out his normal activities and who is acting under orders from his employer cannot be deemed an operator, except in the case of knowing and willful conduct.

INSTRUCTION NO. 28

Willful conduct is deliberate, rather than unwitting. A willful act is one undertaken with a bad purpose. Willfulness requires proof of a voluntary, intentional violation of a known legal duty.

INSTRUCTION NO. 29

When the words "knowing," "knowingly," "knowledge," "know," "knew" or variations of any of those words are used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Knowledge on the part of Thomas Fritzel cannot be established merely by demonstrating that he was negligent, careless, or foolish.

INSTRUCTION NO. 30

Thomas Fritzel is charged in Count 2 with a violation of 42 U.S.C. § 7413(c)(2)(B). This law makes it a crime to knowingly fail to notify the Environmental Protection Agency of a demolition or renovation activity involving removal of regulated asbestos-containing material as required by 40 CFR § 61.145(b).

To find a defendant guilty of Count 2, you must be firmly convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:       In or about October 2016, Thomas Fritzel was an owner or operator of a demolition or renovation activity at a building located on Crossgate Drive in Lawrence, Kansas.

Second:   In or about October 2016, Thomas Fritzel knew he was an owner or operator of a demolition or renovation activity at a building located on Crossgate Drive in Lawrence, Kansas.

Third:      The demolition or renovation activity involved removal of at least 260 linear feet of regulated asbestos-containing material on pipes, at least 160 square feet of regulated asbestos-containing material on other facility components, or at least 35 cubic feet of regulated asbestos-containing material off facility components where the length or area could not be measured previously.

Fourth:    Thomas Fritzel knew the demolition or renovation activity involved removal of at least 260 linear feet of regulated asbestos-containing material on pipes, at least 160 square feet of regulated asbestos-containing material on other facility components, or at least 35 cubic feet of regulated asbestos-containing material off facility components where the length or area could not be measured previously.

Fifth:      Thomas Fritzel knowingly failed to provide written notice to the Environmental

Protection Agency of intention to demolish or renovate at least 10 working days

in advance of any activity disturbing the regulated asbestos-containing material.

INSTRUCTION NO. 31

Thomas Fritzel is charged in Count 3 with a violation of 42 U.S.C. § 7413(c)(1). This law makes it a crime to knowingly violate 40 CFR § 61.145(c)(6), which requires an owner or operator of a demolition or renovation activity involving regulated asbestos-containing material to adequately wet friable asbestos and ensure it remains wet until collected or treated for disposal.

To find a defendant guilty of Count 3, you must be firmly convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:       In or about October 2016, Thomas Fritzel was an owner or operator of a demolition or renovation activity at a building located on Crossgate Drive in Lawrence, Kansas.

Second:    In or about October 2016, Thomas Fritzel knew he was an owner or operator of a demolition or renovation activity at a building located on Crossgate Drive in Lawrence, Kansas.

Third:      The demolition or renovation activity involved removal of at least 260 linear feet of regulated asbestos-containing material on pipes, at least 160 square feet of regulated asbestos-containing material on other facility components, or at least 35 cubic feet of regulated asbestos-containing material off facility components where the length or area could not be measured previously.

Fourth:    Thomas Fritzel knew the demolition or renovation activity involved removal of at least 260 linear feet of regulated asbestos-containing material on pipes, at least 160 square feet of regulated asbestos-containing material on other facility components, or at least 35 cubic feet of regulated asbestos-containing material off facility components where the length or area could not be measured previously.

Fifth:        Thomas Fritzel knowingly failed to adequately wet the regulated asbestos-containing material removed or stripped and ensure that it remained wet until collected and contained or treated in preparation for disposal.

INSTRUCTION NO. 32

Thomas Fritzel is charged in Count 4 with a violation of 42 U.S.C. § 7413(c)(1). This law makes it a crime to knowingly violate 40 CFR § 61.145 and 40 CFR § 61.150, which require an owner or operator of a demolition or renovation activity involving regulated asbestos-containing material to contain all asbestos-containing waste material in leak-tight containers while wet, or, for materials that will not fit into containers without additional breaking, put materials into leak-tight wrapping.

To find a defendant guilty of Count 4, you must be firmly convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: In or about October 2016, Thomas Fritzel was an owner or operator of a demolition or renovation activity at a building located on Crossgate Drive in Lawrence, Kansas.

Second: In or about October 2016, Thomas Fritzel knew he was an owner or operator of a demolition or renovation activity at a building located on Crossgate Drive in Lawrence, Kansas.

Third: The demolition or renovation activity involved removal of at least 260 linear feet of regulated asbestos-containing material on pipes, at least 160 square feet of regulated asbestos-containing material on other facility components, or at least 35 cubic feet of regulated asbestos-containing material off facility components where the length or area could not be measured previously.

Fourth: Thomas Fritzel knew the demolition or renovation activity involved removal of at least 260 linear feet of regulated asbestos-containing material on pipes, at least 160 square feet of regulated asbestos-containing material on other facility components, or at least 35 cubic feet of regulated asbestos-containing material

off facility components where the length or area could not be measured previously.

Fifth:      Thomas Fritzel knowingly failed to contain all regulated asbestos-containing material removed or stripped in leak-tight wrapping or leak-tight containers once that regulated asbestos-containing material had been wetted.

INSTRUCTION NO. 33

During your deliberations, that is when all of you are together in the jury room, you are released from the admonition regarding discussion of the case.

The admonition regarding discussion remains in effect at any time when all of you are not in the jury room, or when you are away from the courthouse. The admonition regarding reading, listening to, or watching news reports about the case, doing any sort of independent investigation, or discussing the case with any third party remains in effect at all times until such time as I release you from the admonition. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry, or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. I cannot overemphasize the importance of this admonition.

The alternate jurors will not be allowed to participate in deliberations but they remain bound by all aspects of the admonition. The clerk's office will notify the alternate jurors of the verdict and, if appropriate, when they will need to return.

INSTRUCTION NO. 34

During your deliberations, you may refer, if you wish, to any notes you took during the trial. Remember, however, that your notes are not evidence and remember, also, that it is your memories regarding the evidence, and not your notes, which control.

INSTRUCTION NO. 35

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous, and it must be unanimous as to each count.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges—judges of the facts.

Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 36

Upon retiring to the jury room, you should first select one of your number to act as your foreperson, who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson and pass the note to my courtroom deputy or law clerk, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

INSTRUCTION NO. 37

A final suggestion by the Court—not technically an instruction upon the law—may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict. The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice. This presupposes and requires deliberation—counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties. You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced. No one can ask more and you will not be satisfied to do less.