IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

THOMAS FRITZEL,

    Defendant.

Case No. 5:18-cr-40058-HLT

## ORDER

After a five-day trial, a jury convicted Defendant Thomas Fritzel of three counts under the Clean Air Act. In February 2020, the Court sentenced Fritzel to three months imprisonment with self-surrender to the Bureau of Prisons ("BOP") and stayed execution of sentence.[1] Fritzel moves for modification of sentence to home confinement due to the health pandemic triggered by Covid-19, a highly contagious respiratory virus caused by a novel coronavirus. Doc. 157. The government opposes the motion. In the alternative, counsel for Fritzel notified the Court via email that Fritzel is requesting a recommendation to the BOP for an order of home confinement, as opposed to a modification of the Court's sentence. The Court denies the motion.[2]

The Court recognizes that the country has been gripped by this health pandemic and acknowledges that correctional and detention facilities present unique challenges because detained and incarcerated individuals have a limited ability to exercise social distancing. The Center for Disease Control ("CDC") explains that certain individuals are also at higher risk, and Fritzel

---

[1] In the judgment, the Court stayed execution of the sentence pending designation of District of Kansas Court Case No. 5:18CR40059. Docs. 154 and 165.

[2] In the alternative, Fritzel requests a recommendation for Yankton, South Dakota. The Court already included that recommendation in the judgment. See Docs. 154 and 165.

contends that his chronic conditions place him at a higher risk for serious illness should he contract this virus.

The Court does not diminish Fritzel's concerns. People across the country are scared and members of the community who are incarcerated share, perhaps especially so, that fear. The Court does not take lightly his request or blame him for seeking to reduce his risk. But the Court is limited in the actions it can take and likewise does not find that the facts of this case warrant a modification to the properly imposed sentence.

First, the Court is skeptical that it is has jurisdiction to make the requested sentencing modification. *See* 18 U.S.C. § 3582(c) (outlining grounds for modifying a sentence). And, even if it did have jurisdiction under statutory or inherent authority, the Court declines to make the modification based on the facts in this case. Second, the Court also declines to recommend home confinement. The Court reviewed the reasons stated by Judge Crabtree for declining this recommendation in Case No. 18-40059 and agrees with his rationale. The BOP is in the best position to make those decisions.

THE COURT THEREFORE ORDERS that Fritzel's motion (Doc. 157) is DENIED. The Court also orders that the stay of execution is DISSOLVED. The Court orders that the judgment and sentence be executed in accordance with Docs. 154 and 165.

IT IS SO ORDERED.

Dated: July 22, 2020                    /s/ *Holly L. Teeter*
                                                  HOLLY L. TEETER
                                                  UNITED STATES DISTRICT JUDGE